IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PAUL MALONE, § | |
|     Petitioner, § | |
| § | |
| v. § | No. 3:20-cv-2148-G (BT) |
| § | |
| DIRECTOR, TDCJ-CID, § | |
|     Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This is a *pro se* habeas action brought under 28 U.S.C. § 2254 by Petitioner Paul Malone, an inmate at the Texas Department of Criminal Justice. On August 13, 2020, Malone filed a Motion for Leave to Proceed *in forma pauperis* accompanied by a computer printout setting forth his prison trust fund account balance for the preceding six-month period, as required by 28 U.S.C. § 1915(a). The Motion and supporting information established that Malone had $163.80 in his prison trust fund account and he does not have any unusual expenses. Accordingly, the undersigned found that Malone had sufficient assets to pay the $5.00 filing fee and deferred ruling on his Motion for Leave to Proceed *in forma pauperis*. *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988) (courts make assessment of financial ability after considering whether payment of the filing fee will result in the petitioner "suffering undue financial hardship"). On August 19, 2020, the undersigned ordered Malone to pay the $5.00 filing fee within 30 days and informed him that failure to pay the full filing fee within the time provided would

1

result in a recommendation that his petition be dismissed. More than 30 days have passed since the Court's August 19, 2020 order, and Malone has failed to pay the full filing fee. Therefore, this case should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). Here, Malone failed to obey a court order to pay the full filing fee within the time provided. Dismissal without prejudice is warranted under these circumstances.

The Court should dismiss Malone's petition without prejudice under Rule 41(b).

SO RECOMMENDED.

Signed October 13, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).