IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAUL MALONE, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | No. 3:20-cv-02148-G (BT) |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Paul Malone, a state prisoner, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254.  For the following reasons, the Court should DENY the petition.

I.

Malone is confined at the Texas Department of Criminal Justice, in the Mark W. Michael Unit. On August 21, 2019, he was disciplined for masturbating in public. As punishment, he forfeited six days of phone privileges. By his § 2254 petition, Malone seeks to have the disciplinary conviction "stricken" from his record.

II.

A state prisoner may petition a federal district court for relief from punishment imposed as a result of prison disciplinary proceedings by filing a habeas petition under § 2254. *Preiser v. Rodriquez*, 411 U.S. 475, 487 (1973). To succeed under § 2254, the prisoner mut show he is confined "in violation of the

1

Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In the context of a prison disciplinary hearing, the prisoner's constitutional rights arise from the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Prisoners accused of institutional rule violations have rights under the Due Process Clause when the disciplinary action could result in punishment that will impact a constitutionally-protected interest. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (recognizing that state-created liberty interests protected by the Due Process Clause are confined to punishment that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); *see also Toney v. Owens*, 779 F.3d 330, 336 (5th Cir. 2015) ("The procedural protections of the due process clause are triggered only where there has been a deprivation of life, liberty, or property."). A prisoner's loss of phone privileges does "not implicate due process concerns." *Anderson v. Davis*, 744 F. App'x 235, 236 (5th Cir. 2018) (per curiam), *opinion withdrawn and superseded on reh'g*, 768 F. App'x 262 (5th Cir. 2019) (per curiam); *see also Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (finding that commissary and cell restrictions as punishment on a prisoner are merely changes in the conditions of confinement and do not implicate due process concerns).

Here, Malone challenges his August 21, 2019 disciplinary conviction and the resulting loss of six days of phone privileges. But the punishment imposed—the loss of phone privileges—does not implicate a protected liberty interest. *See*

*Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) ("Federal habeas relief cannot be had 'absent the allegation by a [petitioner] that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'") (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (internal quotation marks and citation omitted)). Consequently, his petition does not warrant habeas relief.

III.

For the foregoing reasons, the Court should DENY Malone's § 2254 petition.

Signed October 28, 2020.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).